**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| | * | |
| **NNENNA NWABA,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | **Civ. No. MJM-25-3816** |
| **v.** | * | |
| | * | |
| **NORDSTROM, INC. *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

* * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff Nnenna Nwaba's ("Plaintiff") Motion for Leave to File Second Amended Complaint. ECF No. 38. Defendants Christian Dior Perfumes, LLC ("CDP") and Nordstrom, Inc. ("Nordstrom") oppose the motion. ECF Nos. 39 & 40. After Plaintiff filed a reply in support of the motion, ECF No. 41, the Court heard oral argument by video teleconference. For the reasons stated herein, the motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiff filed her initial Complaint against Nordstrom and Louis Vuitton North America, Inc. ("LVNA") in the Circuit Court of Maryland for Howard County in July 2024. ECF No. 6. After she amended the Complaint to replace LVNA with CDP in November 2025, ECF No. 9, CDP removed the action to this Court based on diversity jurisdiction, with Nordstrom's consent, ECF No. 1.

In December 2025, Plaintiff filed a Second Amended Complaint ("SAC"), without seeking the defendants' consent or leave of court, ECF No. 24, and a motion to remand the matter to state

court, ECF No. 25. The SAC named four individual defendants, some of whom were Maryland residents; added claims for negligent supervision and vicarious liability; and removed from its *ad damnum* clause Plaintiff's demand for a judgment in an amount exceeding $80,000, now leaving the amount of damages unspecified. *See* ECF No. 24-1. The amendments to add the individual defendants would deprive this Court of diversity jurisdiction because diversity would be "[i]ncomplete[,]" *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 554 (2005), requiring remand to state court, *see Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35, 38 (2025); 28 U.S.C. § 1332(a). However, upon consideration of the defendants' subsequent motions to strike the SAC, the Court determined that Plaintiff's filing of the SAC required either the defendants' consent or the Court's leave, pursuant to Federal Rule of Civil Procedure 15(a)(2). *See* ECF No. 37 (quoting *Daulatzai v. Maryland*, 338 F.R.D. 587, 588 (D. Md. 2021)).

On August 31, 2026, the Court entered an Order granting Defendants' motions to strike the SAC for Plaintiff's failure to obtain the defendants' consent or the Court's leave, denying Plaintiff's motion to remand without prejudice, and setting a deadline for Plaintiff to file a motion for leave to amend. ECF No. 37. Plaintiff promptly filed her motion, ECF No. 38, which proposes an SAC essentially identical to that stricken by the Court's prior Order, *see* ECF Nos. 38-3 & 38-4. Each corporate defendant filed a response in opposition to the motion, ECF Nos. 39 & 40, and Plaintiff filed a reply in support of it, ECF No. 41. The Court heard oral argument on the motion during a remote hearing on October 21, 2026.

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of pleadings before trial in federal court, and Rule 20(a)(2) governs permissive joinder of defendants. Rule 15(a)(2) provides that leave to amend should be "freely" granted "when justice so requires." Fed. R. Civ.

P. 15(a)(2). Under this rule, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citation modified). Rule 20(a)(2) provides that "[p]ersons . . . may be joined in one action as defendants if . . . (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

However, "[w]hen a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e)[.]" *Mayes v. Rapoport*, 198 F.3d 457, 461–62 (4th Cir. 1999). The statute provides "two options: 'If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.'" *Id.* (quoting 28 U.S.C. § 1447(e)). "[T]he actual decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court[.]" *Id.* at 462. "'[W]hen faced with an amended pleading naming a new nondiverse defendant . . . in a removed case,' the Court 'should scrutinize that amendment more closely than an ordinary amendment and should conduct a balancing of the equities involved.'" *Levine v. GBG, Inc.*, Civ. No. GJH-16-2455, 2016 WL 7388392, at *2 (D. Md. Dec. 19, 2016) (quoting *Coley v. Dragon Ltd.*, 138 F.R.D. 460, 465 (E.D. Va. 1990)); *see also Mayes*, 198 F.3d at 463 ("[T]he district court was correct to carefully scrutinize [plaintiff's] attempt to add a nondiverse defendant after removal."); *Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, 807 F. Supp. 2d 375, 379 (D. Md. 2011) ("Federal courts are obliged to carefully scrutinize challenges to jurisdictional authority, and must

'do more than simply point jurisdictional traffic in the direction of state courts.'") (quoting *17th Street Assocs., LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 592 (E.D. Va. 2005)). "Especially where, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction." *Mayes*, 198 F.3d at 463.

In deciding whether to permit amendment and joinder in this context, the court may "consider all relevant factors, including: 'the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'" *Id.* at 462–63 (citation omitted).

## III. DISCUSSION

The parties dispute whether "the purpose of the amendment is to defeat federal jurisdiction[.]" *Id.* The corporate defendants are adamant that it is, ECF No. 39 at 2, while Plaintiff proffers "the legitimate goal of suing the persons who actually performed the tortious acts[,]" ECF No. 38-1 at 7. Plaintiff's claims arise from an incident that occurred during make-up service that was performed on Plaintiff by Nordstrom and CDP employees at a Nordstrom store in Columbia, Maryland in July 2023. *See* ECF No. 38-3, ¶¶ 18–19. While it is true that, according to the allegations in the proposed SAC, the newly named individual defendants include CDP employees who are alleged to have performed the tortious acts, *see* ECF No. 38-3, ¶¶ 6–11, 19, the timing of Plaintiff's effort to join these individual defendants and the substance of the proposed amendments suggest a purpose to defeat diversity jurisdiction. Through discovery in state court, Plaintiff learned the identities of the individual defendants in August 2025. When, in November 2025,

Plaintiff amended her Complaint in state court to remove LVNA as a defendant and to add CDP, she had the opportunity to add the individual Nordstrom and CDP employees involved in the alleged incident, but she failed to do so.

Plaintiff states that "[k]nowing the names of the individuals who applied the make-up was only one part of the information needed to amend the complaint responsibly." ECF No. 41 at 3–4. She details her efforts in state court to obtain, through discovery on Nordstrom, "her entire claim file, the investigative report into the incident, and the personnel files of all the individual defendants who worked on Plaintiff[,]" but she also notes that she still has not received all of these materials to date. *Id.* at 4–5. Plaintiff claims that she did not obtain information about the individual employees' residences and citizenship until December 2025, after hiring an investigator, but she fails to offer a satisfactory explanation why this investigative step was not taken at an earlier point—prior to removal on November 20, 2025.

Beyond the proposed joinder, the substance of Plaintiff's proposed amendments also suggest that they would serve no purpose other than defeating diversity jurisdiction. First, each of the new individual defendants is alleged to be "at all relevant times an employee and agent" of either Nordstrom or CDP acting "within the scope of such agency and/or employment." ECF No. 38-3, ¶¶ 5, 7, 9, 11, 17, 79, 82. As such, Plaintiff alleges, Nordstrom and CDP are vicariously liable under the doctrine of *respondeat superior*. *Id.* ¶¶ 81, 84; *see also Women First OB/GYN Assocs., L.L.C. v. Harris*, 161 A.3d 28, 34 (Md. Ct. Spec. App. 2017) ("Under the doctrine of *respondeat superior*, an employer is vicariously liable for a tort committed by its employee while acting within the scope of his employment[.]"). Plaintiff does not offer any credible explanation of what purpose would be served by adding the proposed individual defendants. Furthermore, Plaintiff offers no reasonable explanation for seeking to remove her demand for a judgment in an amount exceeding

$80,000 from her *ad damnum* clause. She has proffered no information she obtained since filing her Amended Complaint to suggest that her damages fall below the amount she demanded in that pleading. The only apparent effect of this amendment is that it removes the amount in controversy necessary for diversity jurisdiction. *See* 28 U.S.C. § 1332(a) (conferring original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and there is complete diversity of citizenship between opposing parties).

In sum, the Court finds that the first and second *Mayes* factors weigh against allowing Plaintiff to add the proposed individual defendants and remove the amount of damages from the *ad damnum* clause of the Amended Complaint. The removal of the damages amount after removal lacks any purpose or reasonable explanation, information necessary to add the individual defendants could have been obtained prior to removal, and the timing and substance of both amendments suggests an effort to defeat diversity jurisdiction.

The third *Mayes* factor also weighs against allowing these amendments. The third factor calls for consideration of "whether the plaintiff will be significantly injured if amendment is not allowed[.]" *Mayes*, 198 F.3d at 462–63. Denying leave to remove the amount in controversy would not affect Plaintiff's claims or litigation position at all, and denying leave to add the proposed individual defendants will not impede Plaintiff from a full recovery of her damages. Plaintiff has sued to recover damages from Nordstrom and CDP based on the conduct of the individual employees Plaintiff now seeks to add as defendants. She presents no reason to expect that she cannot fully recover her damages from Nordstrom and CDP. *See Newman v. Motorola, Inc.*, 218 F. Supp. 2d 783, 787 (D. Md. 2002) (weighing third *Mayes* factor against adding non-diverse defendant where "there is no reason to expect [plaintiffs] could not fully recover their damages from the manufacturer and other defendants named in federal court"). "There is no greater or

different relief to be obtained from" the individual employees Plaintiff now seeks to add as defendants. *Id.* (citing *Buttons v. Nat'l Broad. Co., Inc.*, 858 F.Supp. 1025, 1027 (C.D. Cal. 1994)).

Moreover, as Nordstrom and CDP emphasize, Plaintiffs' claims against the individual employees now appear to be time barred. *See Linz v. Montgomery Cnty.*, 284 A.3d 1096, 1102 (Md. Ct. Spec. App. 2022) ("Ordinarily, once the applicable statute of limitations has run, a claim set forth in an amended complaint filed . . . against a new defendant will be time-barred."). While Maryland courts recognize a relation back doctrine that provides "a judicially developed exception to that general rule[,]" *id.*, Plaintiff has proffered no facts to support a finding in state court that her claims against the individual Nordstrom and CDP employees relate back to her original Complaint.[1] Adding the individual defendants is not necessary to correct a misnomer or substitute a real party in interest, and there is no indication that these individuals received notice Plaintiff's claims against them during the limitations period. *See id.* at 1113–14. Thus, even if Plaintiff is allowed to add the individual defendants, those claims would likely be subject to dismissal by all indications and therefore futile. *See Rowe v. Aurora Com. Corp.*, 599 F. App'x 95, 96–97 (4th Cir. 2015) (finding no error on appeal where district court denied leave to add claims it found to be futile as time barred); *Hower v. Stewart*, Civ. No. GLR-17-198, 2018 WL 4384150, at *4 (D. Md. Sept. 14, 2018) ("The Court should deny leave to amend when leave to amend would be futile.") (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)); *Marino v. Nadel*, Civ. No. GJH-17-2116, 2018 WL 4634150, at *3 n.4 (D. Md. Sept. 27, 2018), *aff'd*, 763 F. App'x 305 (4th Cir. 2019) ("Leave to amend should be denied when the amendment would be futile.") (citing *Edwards*

[1] The relation back provision of Federal Rule of Civil Procedure 15(c), of course, does not apply in state court.

*v. City of* Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)). Denying this amendment, therefore, would not significantly injure Plaintiff.[2]

Finally, the Court does not find that the balance of equities favors amendments to add individual defendants and to subtract a demand for damages that appear to serve no practical purpose other than to deprive a federal court of jurisdiction over this action.

However, the Court will permit Plaintiff's proposed amendments to add claims for negligent supervision against Nordstrom and CDP and vicarious liability against Nordstrom, and facts in support of those claims. These amendments do not affect the Court's jurisdiction, and the Court does not find them to be futile, prejudicial, or offered in bad faith.

## IV. ORDER

For the foregoing reasons, it is this 9th day of November, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 38) is GRANTED IN PART and DENIED IN PART; and
2. Plaintiff SHALL FILE no later than **November 23, 2026**, a new version of her Second Amended Complaint consistent with this Memorandum Opinion and Order, to include the claims asserted against Nordstrom and CDP in proposed Counts V and VI, and facts in support of those claims, but without adding the proposed individual defendants or removing the jurisdictional amount from the *ad damnum* clause in the Amended Complaint.

/S/
Matthew J. Maddox
United States District Judge

[2] Moreover, denying Plaintiff's proposed amendment would not preclude her from filing a separate action in state court against the individual defendants she seeks to add to the instant suit.